**IN THE US DISTRICT COURT FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THOMAS JINRIGHT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: |
| | ) | |
| TVH Parts Co. | ) | |
| 16355 S. Lone Elm Rd, | ) | **Jury Trial Demanded** |
| Olathe, KS 66062 | ) | |
| | ) | |
| Serve:  C T Corporation System | ) | |
| 112 SW 7ᵗʰ St.; Suite 3C | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Thomas Jinright, and for his causes of action against Defendant

TVH Parts Co. alleges and avers as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1.      Plaintiff Thomas Jinright (hereinafter "Plaintiff" or "Jinright") is an individual

who at all relevant times was, and currently is, a resident of Overland Park, Kansas.

2.      Defendant TVH Parts Co. (hereinafter "Defendant" or "TVH") is a business

registered to do business in the state of Kansas. Defendant may be served by servicing the

registered agent at C T Corporation System 112 SW 7ᵗʰ St.; Suite 3C, Topeka, KS 66603.

3.      TVH is a for profit company legally organized under the laws of the state of

Kansas.

4.      At all times relevant hereto, Plaintiff was an employee of TVH, as that term is

defined in 42 U.S.C. §2000e(f) and 42 U.S.C. § 12111(4).

5.      At all times relevant hereto, Defendant TVH is an employer as that term is

defined in 42 U.S.C. §2000e(b) and 42 USC § 12111(5).

6.      Upon information and belief, Defendant TVH employs (and at all times relevant hereto has employed) more than 500 employees.

7.      At all relevant times Plaintiff was performing his job duties within the state of Kansas and operating out of defendant TVH's warehouse located in Olathe, Kansas.

8.      Both jurisdiction and venue are proper in this Federal Court.  The defendant is domiciled in the state of Kansas and the complained of actions giving rise to the claim occurred in this Court's jurisdictional bounds giving rise to venue under 28 U.S.C. § 1391(b).  The claims arise out of Federal statute and/or laws giving this Court original jurisdiction under 28 U.S.C. § 1331.

9.      This Court has jurisdiction over plaintiff's discrimination claims arising out of 42 U.S.C. §§ 1981, 2000e *et seq.* and 12101 *et seq.*.

10.      Plaintiff seeks damages in excess of $75,000.00, exclusive of costs.

11.      On March 6, 2023 Plaintiff filed with the EEOC, his initial Charge of Discrimination, alleging disability discrimination and retaliation. Plaintiff's Charge is attached as Exhibit "A" and incorporated herein by reference.

12.      On or about September 1, 2023, the EEOC mailed to Plaintiff his Notice of Right to Sue, which is attached as Exhibit "B".

13.      This action has been timely commenced by the filing of this Petition within ninety (90) days after Plaintiff's receipt of the aforesaid Notice of Right to Sue.

## FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS

14.      Plaintiff hereby incorporates paragraphs 1 through 13, and those that follow, by reference, as if fully set forth in these factual allegations, including the entire contents of his Charge filed with the EEOC and attached as Exhibit "A".

15.    Plaintiff is a 32-year-old male.  He was born with a disability where his left ear failed to develop resulting in him not having a left ear, nor inner ear resulting in total lack of hearing on his left side.  The disability has also resulted in Plaintiff having partial facial paralysis on his left side resulting in facial drooping and occasional slurred speech.

16.    In February of 2022 Plaintiff began his employment with Defendant TVH.  He was hired to work in one of Defendant's warehouses located at 16355 S. Lone Elm Road in Olathe, which is where most/all complained of actions occurred.

17.    Plaintiff's job duties essentially consisted of receiving job orders on a small device, going to put together the right parts to satisfy that order, and then marking the order as complete in the system.  Throughout the entirety of his employment up to the date of his termination, Plaintiff always satisfactorily completed his job duties.

18.    Throughout Plaintiff's employment it appeared that other TVH employees kept their distance from him because of his physical disability.

19.    On January 5, 2023 Plaintiff raised a concern with his Supervisor, Scott, regarding some employees on second shift's work practices.  Certain employees would not register in the system that an order had been fulfilled, resulting in employees on first shift, like Plaintiff, trying to look for and find the same parts for an order that was already fulfilled because they were not aware that the order had been worked on by second shift.  Plaintiff brought this up with his supervisor because he was concerned about employees doing unnecessary work that had already been completed.

20.    On the afternoon of January 20, both first and second shift were on the clock at the same time when Plaintiff's co-worker Antonio Rickerson, who is on second shift, angrily confronted Plaintiff.

21.    Rickerson approached Plaintiff aggressively from his left side, which startled

3

Jinright as he cannot hear from that side.  There was a verbal altercation that appeared to be resolved and both men continued their work.

22.    Roughly five minutes later, as part of his routine job fulfillment, Jinright approached a wooden pallet near where Rickerson was working.  Jinright observed Rickerson animatedly talking to a co-worker and gesturing towards Jinright.  Plaintiff addressed Rickerson asking if they were still having issues with each other.

23.    Rickerson again began yelling at Plaintiff at which point, Plaintiff said "fuck you".

24.    Rickerson immediately through the box he was holding at Jinright, stepped to him shoving him in the chest with both of his hands causing Plaintiff to stumble backwards.  Before Jinright could regain his balance, Rickerson grabbed him by the shirt collar and swung a right hook punching Jinright in the face causing him to fall backwards to the floor.  Rickerson made moves like he was going to jump onto Jinright on the ground before he was restrained by the co-worker.

25.    Jinright rose from the ground and realized that the punch had caused him to begin bleeding profusely from a facial laceration.

26.    Plaintiff went to his supervisor, Josh Smith, who was discussing the incident with Rickerson already.  Upon information and belief Smith said "he is done" regarding Rickerson's employment status.

27.    After a discussion with Smith, Plaintiff went to the meeting room with Manager Diane Troy to administer first aid to hopefully stop the bleeding.

28.    Plaintiff described what happened to Human Resources employee Caroline Sebby.  Sebby asked Jinright if he would like to go to the ER since the bleeding had not stopped. Jinright agreed and was driven by Manager Diane Troy and HR representative Caroline Sebby to

Olathe Medical Center where he received treatment including a stich in his nose to stop the bleeding.

29.     At the time of the incident, Plaintiff was living with his father, Frank Jinright. Since he was the listed emergency contact for Plaintiff, Sebby and Troy called Frank to let him know had occurred.  On that phone call, Frank was incorrectly informed that Plaintiff had swung first, initiating the conflict, and punched Rickerson in the face—which is a false statement.

30.     Plaintiff was informed by Sebby that he and Rickerson were both suspended pending an investigation into the incident.  Plaintiff was never questioned as part of this "investigation".

31.     On January 23, 2023, 3 days after the incident, Plaintiff was contacted by Troy and Supervisor Ryan Terry.  Jinright was informed that he was being terminated for violating the company's zero tolerance policy.

32.     Plaintiff never struck Rickerson during the confrontation.

## COUNT I
## DISABILITY DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

33.     Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 32 above, including the entire contents of his Charge filed with the EEOC.

34.     The continuing series of events planned and carried out by Defendant TVH, as described above are discriminatory, abusive, and harassing.

35.     Defendant's misconduct, as alleged above, constitutes discrimination in violation of the Americans with Disabilities Act of 1990 codified at 42 U.S.C. § 12101 *et seq.*.

36.     Plaintiff has been treated differently and disability is the "but for" factor in the different treatment, i.e., but for his disability, Plaintiff would not be treated differently.

37.     As a direct and proximate result of the discriminatory conduct of Defendant,

Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, and embarrassment in excess of $75,000.00.

38.    The actions of Defendant TVH and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

39.    Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

40.    If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF 42 USC § 12203

41.    Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 40 above, including the entire contents of his Charge filed with the EEOC.

42.    Plaintiff engaged in protected activity by reporting concerns to his shift supervisor.

43.    The continuing series of events planned and carried out by Defendant TVH, as described above, are retaliatory in response to protected activity.

44.    Defendant's misconduct, as alleged above, constitutes retaliation in violation of 42 U.S.C. § 12203.

45.    Plaintiff has been treated differently and retaliated against and his protected action

is the "but for" factor in the different treatment.

46.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, and embarrassment in excess of $75,000.00.

47.    The actions of Defendant TVH and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

48.    Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

49.    If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

## DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**

By: /s/ Cooper Mach
Cooper Mach, KS Bar No. 27404
712 Broadway, Suite 100
Kansas City, Missouri  64105
Telephone:      (816) 221-2288
Telecopier:     (816) 221-3999
E-Mail:         cmach@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**